IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MICHELE CASTANEDA and MANUEL CASTANEDA, Individually, and as Co-Special Administrators of the Estate of ANTHONY CASTANEDA, Deceased.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF BETTENDORF,<br><br>　　　　　Defendant. | Case No. 3:22-cv-50194<br><br>JURY DEMANDED |

## COMPLAINT AT LAW

Now comes the plaintiffs, MICHELE CASTANEDA and MANUEL CASTANEDA, Individually, and as Co-Special Administrators of the Estate of ANTHONY CASTANEDA, Deceased, by and through POWER ROGERS, LLP and WILLIAMSMCCARTHY, LLP, pursuant to the Illinois Wrongful Death Act, and complaining of the defendant, the CITY OF BETTENDORF, pleading hypothetically and in the alternative, states as follows:

### INDEX

COUNT I- NEGLIGENCE/WRONGFUL DEATH – CITY OF BETTENDORF
COUNT II- WILLFUL AND WANTON/GROSS NEGLIGENCE/WRONGFUL DEATH– CITY OF BETTENDORF

### JURISDICTION

Jurisdiction lies pursuant to 28 U.S.C. 1332 - - Diversity of Citizenship

1. The City of Bettendorf, Iowa is a municipality located in the Eastern portion of the State of Iowa.

2. At all relevant times, Manuel Castaneda resided in Winnebago County, Illinois.

3. At all relevant times, Michele Castaneda and Anthony Castaneda, deceased, resided in Rock Island County, Illinois.

4. The damages sought herein are in excess of $75,000.00 exclusive of interests and costs.

5. On May 26th, 2022, Anthony Castaneda, died as a result of the injuries he suffered in this occurrence.

6. On June 13th, 2022, this Court appointed Michele Castaneda and Manuel Castaneda as Co-Special Administrators of the Estate of Anthony Castaneda, deceased.

7. The occurrence complained herein occurred on a pedestrian walkway extending across Moline, Illinois and Bettendorf, Iowa.

8. This court has jurisdiction pursuant to 28 USC 1332(a)(1).

**FACTS COMMON TO ALL COUNTS**

9. On and prior to May 22nd, 2022, the City of Bettendorf bordered the Mississippi River in Scott County, Iowa.

10. On and prior to May 22nd, 2022, the City of Moline bordered the Mississippi River in Rock Island County, Illinois.

11. Prior to May 22nd, 2022, the City of Bettendorf participated in a decision to design and construct a pedestrian bridge along Interstate 74 so as to allow its citizens to walk to and from their respective cities.

12. Prior to May 22nd, 2022, the City of Bettendorf controlled the entrance and the opening date of the aforesaid pedestrian walkway.

13. Prior to May 22nd, 2022, the City of Bettendorf expended municipal funds to design, construct and open the aforesaid pedestrian walkway so that citizens of both municipalities could freely traverse to and from each State.

14. On and prior to May 22nd, 2022, the purpose and intent of this pedestrian pathway was solely for pedestrians and not for motor vehicle traffic.

15. On and prior to May 22nd, 2022, the City of Bettendorf participated in the design and construction of the aforesaid pedestrian walkway.

16. On or about April 28th, 2022, the City of Bettendorf made a decision to open the aforesaid pedestrian walkway.

17. On and prior to April 28th, 2022, the City of Bettendorf Administrator Decker Ploehn stated that the Iowa Department of Transportation preferred to delay the path's opening but the Cities of Bettendorf and Moline were eager to allow people to starting using it.

18. At the time the City of Bettendorf opened the aforesaid pedestrian walkway in Iowa, no bollards or structures of any kind were installed at the entrances to the pedestrian

walkway to prevent motor vehicle traffic from traveling on the aforesaid pedestrian walkway.

19. On and prior to May 22nd, 2022, the entrance to the pedestrian walkway was not designed or constructed with a generally recognized engineering or safety standard.

20. On and prior to May 22nd, 2022, numerous national standards, criteria and design theories for pedestrian walkways required the design and installation of bollards at the entrance to the pedestrian walkway.

21. On and prior to May 22nd, 2022, the aforesaid pedestrian walkway was 14 feet wide and sufficiently wide for an automobile to travel on the walkway.

22. On and prior to the opening of the aforesaid pedestrian walkway on May 18th, no barrier of any kind was placed at the entrance in Bettendorf, Iowa to prevent motor vehicle traffic from traveling on the pedestrian walkway.

23. On or about May 22nd, 2022 at approximately 2:00 am, a motor vehicle entered onto the aforesaid pedestrian walkway from Bettendorf, Iowa.

24. On or about May 22nd, 2022, Anthony Castaneda, was validly and legally utilizing the pedestrian walkway along with two friends.

25. On or about May 22nd, 2022 at approximately 2:00 am, the motor vehicle that had entered the pedestrian walkway struck Anthony Castaneda and his two friends causing serious personal injuries leading to his death.

**COUNT I- NEGLIGENCE/WRONGFUL DEATH ACT – CITY OF BETTENDORF**

26. Plaintiff hereby incorporates all paragraphs contained in Facts Common to All Counts as Paragraph #24.

27. On and prior to May 18th, 2022, the City of Bettendorf owed a duty of care to all pedestrians utilizing the pedestrian walkway to prevent any motor vehicle traffic from utilizing the pedestrian walkway.

28. On and prior to May 18th, 2022, the City of Bettendorf owed a duty of care to pedestrians and motor vehicle traffic to properly notify and warn vehicle traffic that the pedestrian walkway was for pedestrian and bicycle traffic only.

29. On and prior to May 18th, 2022, the City of Bettendorf owed a duty of care to properly design and construct the entrance to the pedestrian walkway.

30. On and prior to May 18th, 2022, the City of Bettendorf was negligent and breached the duty of care in one or more of the following respects:

      a.      failed to design a pedestrian walkway which included bollards and/or other barriers to prevent motor vehicle traffic from utilizing the pedestrian walkway; or

      b.      failed to construct bollards or other barriers to prevent motor vehicle traffic on the aforesaid pedestrian walkway; or

      c.      failed to properly warn operators that the pedestrian walkway was in fact solely for the use of pedestrians and bicyclists; or

      d.      failed to design the roadway in such a way as to allow motor vehicles the ability to drive to the entrance of the pedestrian walkway; or

      e.      was otherwise negligent.

31. On or about May 22, 2022, and at all times material, as a direct and proximate result of the negligence of Defendant, ANTHONY CASTANEDA, sustained severe personal injuries and ultimately passed away due to his injuries.

WHEREFORE, Plaintiffs, MICHELE CASTANEDA and MANUEL CASTANEDA, Individually, and as Co-Special Administrators of the Estate of ANTHONY CASTANEDA, Deceased, by and through their attorneys, POWER ROGERS, LLP and WILLIAMSMCCARTHY, LLP, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, demands judgment be entered against the CITY OF BETTENDORF, in a fair and just amount, in an excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

**COUNT II- WILLFUL AND WANTON/GROSS NEGLIGENCE/WRONGFUL DEATH ACT– CITY OF BETTENDORF**

32. Plaintiff hereby incorporates all paragraphs contained in Facts Common to All Counts as paragraph #30.

33. On and prior to May 22, 2022, the City of Bettendorf knew or should have known that bollards and/or other barriers should have been placed at the entrance of the pedestrian walkway in Iowa.

34. On and prior to May 22, 2022, the City of Bettendorf knew that there were no bollards or barriers to prevent motor vehicles from entering the pedestrian walkway in Iowa.

35. On and prior to May 22, 2022, the City of Bettendorf intentionally opened a pedestrian walkway sufficient to accommodate motor vehicle traffic without any bollards or barricades to protect the safety of pedestrians and bicyclists.

36. On and prior to May 22, 2022, the City of Bettendorf intentionally disregarded the direction of the Iowa Department of Transportation and opened the pedestrian walkway at a time when the walkway was not complete and safe for pedestrian use.

37. On and prior to May 22, 2022, the City of Bettendorf acted in a willful and wanton manner/ gross negligent manner in one or more of the following respects:

- a. intentionally designed a pedestrian walkway which did not have bollards or other preventative measures to prevent motor vehicle traffic from utilizing the pedestrian walkway;
- b. intentionally did not install bollards or other barricades to prevent motor vehicle traffic on the aforesaid pedestrian walkway;
- c. intentionally did not warn motor vehicle traffic that the pedestrian walkway was in fact solely for the use of pedestrians and bicyclists; and
- e. was otherwise willful and wanton.

38. On or about May 22, 2022, and at all times material, as a direct and proximate result of the willful and wanton conduct of Defendant, ANTHONY CASTANEDA, sustained severe personal injuries and ultimately passed away due to his injuries.

WHEREFORE, Plaintiffs, MICHELE CASTANEDA and MANUEL, Individually, and as Co-Special Administrators of the Estate of ANTHONY CASTANEDA, Deceased, by and through his attorneys, POWER ROGERS, LLP and WILLIAMSMCCARTHY, LLP, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, demands judgment be entered against the CITY OF BETTENDORF, in a fair and just amount, in an excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL COUNTS**

Respectfully Submitted,

s/Devon C. Bruce
Counsel for Plaintiffs

Devon C. Bruce
Power Rogers, LLP
70 West Madison, #5500
Chicago, IL  60602
Tel: 312/236-9381
dbruce@powerrogers.com

John Holevas
Marc Gravino
WilliamsMcCarthy, LLP
120 West State Street
Rockford, IL  61105
Tel: 815/987-8900
jholevas@wilma.com

4:22-cv-04101-SLD-JEH   # 4   Page 6 of 6